Ruffin, C. J.
 

 Upon the point of probab’e cause, there-can be no doubt. There was not the least pretence for-accusing any one of the parties concerned, and much less the present plaintiff, with a larceny. The public manner of taking the corn, with the general knowledge of the neighborhood, and the open and distinct avowal to- the defendant of the fact and of a claim of property in the corn, repelled all presumption of an intention to steal. Several answers may be given to the other part of the exception. In the first place, there was evidence, on which the jury might well have found the representation, that Mrs. Brooks hid herself when Austin was passing, was untrue. For, when she showed herself gathering the corn, for two days to hundreds of passengers along a public highway, and made her intentions known to the neighborhood generally, it is a natural inference, that she had no motive for concealing herself from any particular person, and that, in truth, she did not conceal herself from that person, Austin, for which there is no evidence but the naked declaration of the defendant himself, who declined to sustain it by
 
 *324
 
 calling Austin. But, secondly, if there had’ been an oversight on this point at the trial, it would not be a cause for disturbing the verdict; because it is totally immaterial, since, at most, it would tend to shbw criminality in Mrs. Brooks, and could in no degree affect the plaintiff. It is true, the representation to the Attorney, that the corn bad been secretly taken at night by some one, and carried off in the plaintiff’s wagon, and concealed in a private place on the plaintiff’s premises, and was in his possession, might have induced a suspicion, that one so soon found in possession of stolen property had committed the theft or participated in it, without an explanation, as in fact was true and as the defendant had at the time been informed, that the taking was open and notorious and that the plaintiff had nothing to do therewith, but claimed the corn under a subsequent purchase. But with such an explanation, accord, ing to the truth,.the suspicion would be altogether dispelled ¿ and it is seen at once, that to the enquiry, whether the defendant maliciously prosecuted the plaintiff for a larceny of which he thus knew him to be innocent, it is entirely irrelevant, whether Mrs. Brooks, while gathering the corn, with which the plaintiff had nothing to do, did or did not wish Austin not to know it.
 

 Pee Cueiam. Judgment affirmed-